PER CURIAM.
This cause is before us on direct appeal from the judgment of conviction of the Circuit Court, Pinellas County, imposing the death penalty for rape based on a jury verdict of guilty without recommendation of mercy. Appellant raises five points on appeal. One of these is a general challenge to the evidence which is without merit; another is the challenge of the *9 death sentence as now legislated, and on this the United States Supreme Court has just ruled favorably to appellant in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and companion cases.
We proceed, however, to a consideration of the remaining points on appeal which relate to allegedly improper questioning by the prosecutor. One instance was in the questioning of defendant when he took the stand (and subsequent comments on summation) ; another was related interrogation of an alibi witness. Appellant urges that this constituted reversible error. We do not think so.
First, the prosecution cross-examined defendant regarding prior convictions as follows :
“Q. Have you ever been convicted of a felony ?
“A. No.
“Q. Pardon me ?
“A. No.
“Q. You served some time up here on a felony—
“A. No.
“Q. 1969, January 8—
“A. No.
“Q. Auto theft and another charge—”
At that point the discussion between the Court and counsel indicates that the State was relying on an FBI “rap sheet” but apparently was not prepared to refute the defendant’s denial with a proper record of a prior conviction. The Court instructed the jury to disregard the question as to whether or not defendant had been convicted of a felony.
The Court’s prompt instruction that the jury disregard the question and the fact that the last impression came from the defendant that he had not been convicted, would render any prejudice in this respect harmless error. The jury in a criminal case is repeatedly and emphatically instructed on the “beyond a reasonable doubt” requirement and it would be a strained inference that a jury would have convicted and failed to recommend mercy, as it did, by virtue of this inconclusive inquiry.
Additional testimony challenged as prejudicial was that of Daisy Marjorie Hewitt who was called as a witness for the defendant. On direct examination she testified that the defendant could not have committed the offense charged since, during the material times, the defendant was with her and her husband. During cross-examination by the State, testimony was elicited that the defendant, Robert Warren, lived at her home on his return from Okeechobee, a boy’s reform school.
It was the witness’ answer which first brought out “he was in a boys’ school” and the questioning which followed was not an unnatural clarifying inquiry, but was approaching the restricted area when the objection interrupted. The judge promptly sustained the objection, granted defendant’s motion to strike the objectionable testimony and instructed the jury to disregard it. It was not further pursued and we do not feel that it was prejudicial error in the total circumstances. It was a fact that the testimony of his own witness, called to establish an alibi, placed him in Okeechobee and the fact could not be completely ignored. The able trial judge held a tight rein in order to avoid the prejudicial error claimed and we feel that he was successful in his effort. We cannot assume that “a boys’ school in Okeechobee” is immediately known by jurors to be “a reform school”. This relationship was nowhere expressly pointed out.
The last error claimed regarding the prosecution’s comment on summation as to the failure to produce Daisy Hewitt’s husband to substantiate defendant’s alibi *10 was not preserved for appeal by timely objection and therefore could not constitute reversible error. The overall tone of the summation, taken with the response to it, meets the required standard, in any event.
In light of the recent decision in Furman v. Georgia, supra, and our related case of Donaldson v. Sack, 265 So.2d 499 (Fla.1972), we make no decision on the death sentence in this matter pending a further order of this Court.[1] In all other respects the judgment of conviction is
Affirmed.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
ERVIN and McCAIN, JJ., dissent and concur with BOYD, J.

. See our opinions, filed subsequent to the present case, in Anderson, et al. v. State, 267 So.2d 8 (Fla.1972), and In Re Baker, 267 So.2d 331 (Fla.1972).