270 So.2d 363 (1972)
STATE of Florida, Petitioner,
v.
Billy Eugene RETHERFORD, Respondent.
No. 42562.
Supreme Court of Florida.
November 22, 1972.
Rehearing Denied January 11, 1973.
*364 Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for petitioner.
Richard W. Ervin, III, Public Defender, for respondent.
PER CURIAM.
The District Court of Appeal, First District, has certified that its opinion in this cause, reported at 265 So.2d 80 (1st D.C.A.Fla. 1972), passes upon a question of great public interest. Article V, § 4(2), Florida Constitution, F.S.A. The State's petition for writ of certiorari was granted, and we have heard oral argument.
The facts are not in dispute. Several youths participating in a large "open" party remained behind at the host's house after most of the celebrants had departed. Two of these youths, Retherford and a girl, found themselves alone in a bedroom. Subsequently, the girl alleged that Retherford had forced sexual acts upon her. When the matter came to trial, the girl testified that she had been beaten and choked; that she had screamed; that she had been penetrated. Some of the other youths offered testimony tending to corroborate her story.
At that point in the trial, Retherford denied that she had resisted his advances. He also denied choking her or penetrating her vagina. Thereupon, the State proceeded to impeach his testimony by examining him, over objection, concerning a pre-trial statement he had given to a deputy sheriff to the effect that he had achieved penetration. The trial court overruled Retherford's objection to the statement without ascertaining whether or not it had been voluntarily obtained. Ultimately, Retherford was convicted of attempted rape.
On appeal, it was contended that the trial court had committed reversible error by allowing use of the impeachment statement without first determining the issue of its voluntariness. This argument, based on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was supported by this Court's opinions in State v. Galaso, 217 So.2d 326 (Fla. 1968) and Young v. State, 234 So.2d 341 (Fla. 1970).
The State argued that no reversible error had been committed because, notwithstanding the above cases, the United States Supreme Court had subsequently decided, in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), that once a defendant had voluntarily taken the stand, his credibility could be impeached by use of prior conflicting statements made before Miranda warnings were given.
The District Court of Appeal, following our pronouncements in Galasso and Young, reversed the judgment of conviction and remanded for a new trial. Recognizing the importance of the issue raised, the District Court certified the case so that this Court could answer what has been described as the pivotal question: "Will the Supreme Court of Florida adhere to its pronouncements in Galasso and Young in light of the United States Supreme Court's decision in Harris v. New York, supra?" 265 So.2d at 83.
We believe that the exception to Miranda announced in Harris should be recognized as part of the law in Florida. Therefore, we specifically recede from Young and Galasso to the extent that they *365 are inconsistent with Harris. The decision of the District Court below is quashed, and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
CARLTON, Acting C.J., ADKINS, BOYD and McCAIN, JJ., and DREW, J. (Retired), concur.