BOARDMAN, Judge.
The appellant, James Lee Walls, was charged on August 22, 1972, with the crime of robbery in violation of Section 813.011, Florida Statutes, F.S.A. Appellant pled not guilty and, after an adverse jury verdict,, was sentenced to 30 years in the state prison. He filed this timely appeal.
We have very carefully reviewed the record and briefs, oral argument being waived. Of the several points raised on appeal by appellant, we believe that only one point merits discussion here. It is the point concerning appellant’s allegation of an alleged out-of-court confession elicited without the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, fore-warnings.
Appellant voluntarily elected to take the witness stand and testify in his own behalf. During the course of examination conducted by the assistant state attorney, appellant was asked several times whether he had told anyone that he had robbed Ulysee Taylor, the victim in this case. On each such occasion he answered in the negative. The state, in rebuttal, recalled Officer Worley to testify. Officer Worley had testified in the state’s case in chief. He did not, however, testify as to any conversation he may have had with the appellant. As a rebuttal witness, Officer Worley testified that several weeks after the alleged offense occurred he did talk with appellant in the Lake County Jail and that at that time he did not advise appellant of his Miranda constitutional rights. The record shows that on a prior occasion Officer Worley did advise appellant of his constitutionally guaranteed rights in the circumstances. We do not consider this late circumstance as obviating the necessity of appellant’s being given the necessary warnings during the interview that took place in the Lake County Jail.
Officer Worley testified that he had asked appellant during the interview at the jail if he had committed the robbery along with the other two men and that appellant had indicated by nodding his head “yes.” Appellant does not claim involuntariness or coercion. The record discloses none.
In the light of the record and on authority of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, followed by the subsequently decided case of our supreme court of State v. Retherford, Fla.1972, 270 So.2d 363, and the cases cited therein, we find that the trial court was correct in allowing the state in rebuttal to introduce into evidence the confession of appellant, notwithstanding the fact that appellant had not been advised of his rights under Miranda v. Arizona, supra. The controverted evidence was admissible for the purpose of impeaching the appellant’s credibility as is permissible, in our judgment, under the authority of the cases cited above. We regard the gesture of appellant in nodding his head in the manner described above as expressive and dependable as the spoken word, perhaps even more so. Clearly, the confession could not have been *97 admitted in evidence in behalf of the state’s case in chief.
Appellant having failed to demonstrate reversible error, abuse of discretion, or misapplication of the law by the trial judge, the judgment and sentence is, therefore,
Affirmed.
MANN, C. J., and LILES, J., concur.