PER CURIAM.
The appellant was found guilty by a jury on two counts of breaking and entering with intent to commit petit larceny. The proof of guilt was overwhelming. The single error urged by the defendant is that the court erred in denying defendant’s motion for a mistrial when a State’s witness, a police officer, disclosed that he had arrested the defendant upon a prior occasion.
The disclosure appears to have been inadvertent :
“Q. When did you first come in contact with Mr. Williams”
A. I don’t remember what date it was, one morning about nine o’clock I arrested him on a bench warrant.”
The curative instruction was full and prompt:
“Ladies and gentlemen of the Jury, you are instructed to disregard the answer of this witness insofar as he referred to an arrest of the Defendant. The Court will advise you that an arrest is not a conviction of any offense. That part of his answer you will disregard and not take into consideration in your deliberations in this case. The State may proceed.”
We hold that the error was harmless, See Warren v. State, Fla.1972, 270 So.2d 8; see also United States v. Constant, 501 F.2d 1284 (5th Cir., 1974).
. .,. ,