367 So.2d 1091 (1979)
Debra RILEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-575.
District Court of Appeal of Florida, Third District.
February 27, 1979.
*1092 Robrish, Major & Logan and Joel D. Robrish, Miami, for appellant.
Jim Smith, Atty. Gen. and Susan Minor, Asst. Atty. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Debra Riley, defendant below, was charged by information with the crimes of robbery (two counts), aggravated battery, unlawful possession of a firearm while engaged in a criminal offense, battery of a law enforcement officer and resisting a law enforcement officer with violence to his person. Defendant pled not guilty, and was tried before a jury on one robbery count and on the count charging aggravated battery. The other charges in the information were dismissed by the State prior to trial. The defendant was found guilty of aggravated battery, and on the robbery count was found guilty of the lesser included offense of grand larceny. Two concurrent three-year sentences were imposed thereon. The defendant appealed.
Upon consideration of the several contentions of error presented by the appellant, in the light of the record, briefs and argument, we hold no reversible error has been shown.
The reference in the testimony of an arresting officer to the several charges upon which the defendant was arrested was harmless error, in view of the curative instruction given by the court. It was not error to deny defendant's motion for mistrial. Williams v. State, 327 So.2d 798 (Fla. 3d DCA 1976); Warren v. State, 270 So.2d 8 (Fla. 1972); Burkhead v. State, 206 So.2d 690 (Fla. 3d DCA 1968); Perry v. State, 146 Fla. 187, 200 So. 525, 527 (1941).
On authority of State v. Abreau, 363 So.2d 1063 (Fla. 1978), we hold the court did not commit error by refusing to include in the jury charges on lesser included offenses, the offense of assault with intent to commit robbery. The court charged the jury on robbery and on the lesser included offenses of attempted robbery, grand larceny and petty larceny. On the robbery count, the defendant was found guilty of the lesser offense of grand larceny, of which the offense of assault with intent to commit robbery was equal, but which, as was grand larceny, was two steps removed.
The court properly denied defendant's motion for dismissal under the speedy trial rule, where a continuance properly had been charged to the defendant. No undue limit was placed on the defendant, as to presentation of evidence. The court did not abuse discretion by not permitting excursion into irrelevant and collateral issues.
Affirmed.