379 So.2d 191 (1980)
Raymond CRESPO, Appellant,
v.
STATE of Florida, Appellee.
No. 78-785.
District Court of Appeal of Florida, Fourth District.
January 30, 1980.
Rehearing Denied February 20, 1980.
Richard L. Jorandby, Public Defender, and Sara Bresky Blumberg, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant appeals contending that the admission of certain Williams Rule evidence of other crimes was improper and requires reversal of his conviction below. We affirm.
The transcript of testimony discloses that no adequate objection to the testimony in question was made. Defendant did file a motion in limine regarding this testimony which was denied prior to trial. The rule requiring a contemporaneous objection at trial under such circumstances is firmly established. Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978); O'Berry v. Wainwright, 300 So.2d 740 (Fla. 4th DCA 1974). We are thus unable to consider defendant's arguments unless the admission of the evidence in question constituted fundamental error. We conclude that such is not the case. Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974). Also see Clark v. State, 363 So.2d 331 (Fla. 1978). We thus conclude that the appellant has failed to demonstrate reversible error and the judgment and conviction below is affirmed.
AFFIRMED.
BERANEK, HERSEY and HURLEY, JJ., concur.