386 So.2d 27 (1980)
STATE of Florida, Appellant,
v.
Barbara Ann WILLIAMS, Appellee.
No. 80-249.
District Court of Appeal of Florida, Second District.
June 27, 1980.
Rehearing Denied July 29, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
*28 Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellee.
SCHEB, Acting Chief Judge.
The state challenges the trial court's order granting the defendant's pretrial motion to suppress her confession. We have jurisdiction. § 924.071(1), Fla. Stat. (1979). We agree that the confession was improperly suppressed and reverse.
The state charged Barbara Ann Williams with grand theft, and prior to trial she moved to suppress a confession she had given to the police. At the suppression hearing Williams and Officers Hunley and Street of the Lakeland Police Department testified. The officers stated that shortly before midnight they were called to a local lounge to investigate a theft of money from a patron. Upon completion of their investigation, they arrested Williams. The officers realized she had been drinking but they testified that she was not intoxicated. They each stated that they gave her Miranda warnings at the lounge and that she denied any involvement in the theft. They took her to the nearby police station but did not readminister the Miranda warnings. At no time did they have her sign an acknowledgment of the warnings or a waiver of her constitutional rights. She again denied any involvement in the theft. At the station she became upset and asked the officers if they would forget the incident if she returned the money. The officers testified that they told her that they could not do this, and that she started crying and spontaneously told them that she had taken the money. They also stated that at no time did they make any threats or promises.
Williams testified that after having a number of drinks, she had gone to the lounge. There she had several more. She described herself as being intoxicated and said she could not remember whether the officers had given her Miranda warnings. She stated that during the questioning at the police station, the officers yelled at her causing her to become upset.
In granting the motion to suppress, the court noted that the police had not attempted to have Williams sign an acknowledgment of the warnings of a waiver of her constitutional rights, and that they had not attempted to tape her confession, although they had the facilities to do so. The court further observed, "Everything else I agree with you [the state]; it appears that everything is probably spontaneous and so forth... ." Finally, in explaining the basis of its ruling, the court noted:
If they continue to question without restating the rights, then I believe there's, you cannot do that without restating the rights.
.....
[T]hey didn't have the going, the tape recording or whatever, or they didn't get her to sign something and, also, there's not a period of time. But after she denies it out there [at the lounge] and she's read her rights... . But then they take her down to the police station and she's down there for x amount of time, and there's no real good showing as to how long, and then, ultimately, she makes some statements... [a]nd I just feel that there's a question as to the voluntariness of it under those circumstances, and there is also a question as to whether or not she should have been read those rights again; and I believe she should have been.
Even though the trial court stated that the police held Williams at the station "for x amount of time," it appears she confessed within a few hours after her arrest. Both the officers and Williams testified that she had been drinking. We note that while intoxication could have rendered the confession involuntary, the trial court did not comment on Williams' state of intoxication. Thus, as we interpret the court's ruling, it held the confession involuntary because the police failed to obtain a written waiver from Williams, failed to readminister Miranda warnings at the police station, and failed to tape-record her confession.
The trial court's rationale was not well-founded. "[T]here is no constitutional *29 requirement that a waiver is valid only if written and signed in the presence of two witnesses... ." Jordan v. State, 334 So.2d 589, 592 (Fla. 1976). Hence, although obtaining written waivers might be the better practice, it is not required.
In addition, the officers were not required to readminister Miranda warnings to Williams at the police station. In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court stated that opportunity to exercise constitutional rights must be afforded to a defendant throughout the interrogation. Generally, however, a single giving of Miranda warnings is sufficient. See Biddy v. Diamond, 516 F.2d 118 (5th Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 194 (1976); Maguire v. United States, 396 F.2d 327 (9th Cir.1968), cert. denied, 393 U.S. 1099, 89 S.Ct. 897, 21 L.Ed.2d 792 (1969). In the present case the officers gave Williams her Miranda warnings immediately upon placing her under arrest, and it appears she understood these rights and indicated a willingness to speak with the officers. Under the cases we have cited, this was adequate.[1]
We also know of no authority, and Williams has cited us to none, requiring the police to tape-record confessions. Thus, the court erred as a matter of law in suppressing Williams' confession on the stated grounds.
The testimony shows that Williams was apprehensive and upset during the police interrogation. Yet, the testimony does not reveal any threats or coercion by the police. As this court observed in Ebert v. State, 140 So.2d 63 (Fla.2d DCA 1962), a confession may not be excluded merely because it was made under excitement or mental disturbance not induced by extraneous pressure, but which arose from apprehension due to the situation in which the accused found himself.
We vacate the order suppressing Williams' confession and remand for further proceedings.
RYDER and CAMPBELL, JJ., concur.
NOTES
[1] In Walls v. State, 279 So.2d 95 (Fla.2d DCA 1973), we held that a defendant should have been given a second set of warnings. There, however, several weeks had elapsed since the first warnings whereas here, the questioning of Williams took place within a few hours after she was arrested and read her Miranda warnings. Therefore, the officers were not obligated to readvise her of her rights.