424 So.2d 193 (1983)
Winzer Leon THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1538.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction in a burglary case. The question appellant asks for us to decide is an interesting one: can a witness' credibility be impeached by eliciting testimony from him, or otherwise proving, that he had once pleaded guilty to a crime although adjudication of guilt had been withheld and he had been put on probation. Or, can the word "conviction" mean a finding of guilt, without an adjudication? It is without question that an adjudication of guilt would be a "conviction." *194 But can "conviction" also mean an order placing a person on probation?
As interesting as the question is and as much as we may want to discuss and decide it we cannot because the record reflects the appellant failed to preserve the alleged error by making a timely objection. Appellant did file a motion in limine to have the court prevent the prosecutor from bringing out the fact that he had entered a plea of guilty and had been put on probation in another case. But at trial, appellant failed to object to the introduction of testimony regarding the entry of the plea so he failed to preserve the alleged error for our review. Swan v. Florida Farm Bureau Insurance Company, 404 So.2d 802 (Fla. 5th DCA 1981); Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1111 (Fla. 1981).
Appellant also complains about the court permitting the prosecutor to ask him during cross-examination about the nature of the charges to which he had pleaded guilty. A general objection to that question was made but no specific objection, setting out the grounds for the objection, was presented to the court so, again, appellant failed to preserve the alleged error for the record and our review. In order for us to fault a trial judge and overturn a judgment it must be shown that a specific and proper objection to the alleged inadmissible evidence is made and ruled upon, unless the error is "fundamental error." Castor v. State, 365 So.2d 701 (Fla. 1978); Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981).
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.