440 So.2d 689 (1983)
David HALL, Appellant,
v.
STATE of Florida, Appellee.
No. AS-7.
District Court of Appeal of Florida, First District.
November 23, 1983.
*690 R. Larry Morris of Emmanuel, Sheppard & Condon, Pensacola, for appellant.
Jim Smith, Atty. Gen., Richard A. Patterson, Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this appeal, we are asked to determine whether the statutory presumption of impairment contained in Section 316.1934, Florida Statutes (Supp. 1982), impermissibly shifts the burden of proof to a defendant to prove his innocence and whether, under the facts of this case, a violation of the rule in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has occurred. We find no error and affirm Hall's conviction for driving under the influence of alcoholic beverages in violation of Section 316.193, Florida Statutes (Supp. 1982).
After his car was observed weaving along a public road, Hall was stopped and arrested for driving under the influence of alcoholic beverages. Deputy Bodry of the Escambia County Sheriff's Department read Hall his Miranda rights at the scene of the arrest. Approximately one hour and twenty minutes after the arrest, another officer asked Hall a series of questions contained in a questionnaire known as the Alcoholic Influence Report. He did not advise Hall of his Miranda rights again before asking these questions. At the conclusion of this series of questions, the officer administered an intoxilyzer test. The results showed that Hall had a blood alcohol level of 0.14%.
At trial, the jury was given the following charge in accordance with the Florida Standard Jury Instructions in Misdemeanor Cases:
If you find from the evidence ... [t]hat the defendant had .10% or more by weight of alcohol in his blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
Hall contends that this instruction shifted the burden of proof to him to prove his innocence. We disagree. In State v. Kahler, 232 So.2d 166, 168 (Fla. 1970), it was held:
Criminal acts declaring one fact prima facie evidence or presumption of another are frequent. Their purpose is not to relieve the State of the burden of proof, but to allow the establishment of a prima facie case. Constitutional guarantees are not violated as long as there is a rational connection between the fact proven and the ultimate fact presumed and reasonable opportunity is afforded to rebut the presumption.
There is a rational connection here between the fact proven (that Hall's blood alcohol level was 0.14%) and the ultimate fact presumed (that Hall was under the influence of alcoholic beverages to the extent that his normal faculties were impaired). Moreover, it is clear that Hall was not denied an opportunity to rebut the State's prima facie case. Section 316.1934(2)(c), Florida Statutes (Supp. 1982).
Nor did the trial court err in admitting into evidence Hall's responses to the questions contained in the Alcoholic Influence Report. It was unnecessary to readvise Hall of his Miranda rights when he had just been advised of them such a short time before. State v. Williams, 386 So.2d 27 (Fla. 2d DCA 1980).
AFFIRMED.
SHIVERS, J., concurs.
ZEHMER, J., concurs specially with an opinion.
ZEHMER, Judge, concurring specially.
I concur in the affirmance of Hall's conviction, partly for reasons not stated in the majority opinion. I agree with the majority that the Florida standard jury instruction objected to by Hall did not impermissibly shift to him the burden of proving his innocence. The burden does not shift under the jury instruction which states that evidence of .10% or more blood alcohol content is "prima facie evidence" of being under the *691 influence because the instruction does not create a conclusive presumption to that effect.
The trial court, however, read to the jury the entire standard jury instruction on chemical tests, which follows:
If you find from the evidence:
1. That the defendant had .05% or less by weight of alcohol in his blood, he is presumed not to be under the influence of alcoholic beverages to the extent his normal faculties are impaired. F.S. 322.262(2)(a).
You may disregard this presumption if it has been rebutted by other evidence.
2. That the defendant had in excess of .05% but less than .10% by weight of alcohol in his blood, there is no presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
Such fact, however, may be considered with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent his normal faculties were impaired. F.S. 322.262(2)(b).
3. That the defendant had .10% or more by weight of alcohol in his blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. F.S. 322.262(2)(c).
No explanation of the legal meaning or effect of the term "prima facie evidence" was given. Since the instruction had explained to the jury that it could "disregard" the presumption in paragraph 1, "if it has been rebutted by other evidence," and that it could consider the evidence of .05% up to .10% blood alcohol content by weight with other competent evidence in determining if defendant was under the influence, the failure to explain the meaning and effect of the instruction that blood alcohol content measuring .10% or more is "prima facie evidence" of influence might well have suggested to the jury that such evidence was, in fact, conclusive proof of guilt that could not be rebutted by other evidence consistent with innocence. Judges and lawyers know, or should know, what "prima facie evidence" means, but I think it is asking too much to expect the average juror to know without some explanation.[1] For this reason, I believe this standard jury instruction in criminal cases should be modified or amended to explain to the jury what legal effect it should give to "prima facie evidence" in order to avoid misleading the jury, which could result in serious prejudicial error.
In this case, Hall did not request any modification or amendment of the instruction, which is his burden.[2] The sole basis of his objection was the untenable ground on which we affirm. The evidence in the record before us was sufficient to support a finding of guilt without regard to the blood test. Accordingly, I concur in affirmance because this appellant has failed to carry the burden of showing reversible error.
NOTES
[1] Even Florida Standard Jury Instruction No. 4.11, in civil cases regarding violation of traffic regulations as evidence of negligence, defines what is meant by the term "evidence of negligence," in contrast to civil instruction 4.9, which states that violation of a nontraffic penal statute is negligence (formerly referred to as negligence per se).
[2] 32 Fla.Jur., Trial, §§ 142-144.