WENTWORTH, Judge.
Appellant seeks review of his conviction for possession of marijuana, in violation of section 893.13(l)(e), Florida Statutes. He contends the court erred in admitting similar fact evidence of another crime and in permitting the state to comment on $12,500 cash belonging to appellant and found in the vehicle in which he was a passenger. We affirm.
Appellant was a passenger in a vehicle stopped for speeding April 29, 1986, on Interstate-10 by Florida Highway Patrol Trooper Barney Stalworth. Stalworth testified that he detected the odor of marijuana when he asked the driver, Larry Bazan, to step out of the car. Stalworth stated he searched the passenger area, finding a small bag of marijuana buds between the seats. He then searched the trunk, finding a bag of marijuana in a wine cooler bag belonging to Bazan, a smaller quantity of marijuana in a camera case belonging to appellant, and $12,500 in cash, also in the camera bag. Prior to trial, appellant filed motions in limine to prevent admission of evidence of appellant’s prior arrest for possession of marijuana and any comment by the state on the $12,500. The court denied the motions. At trial, Florida Highway Patrol Trooper Daniel Maddox testified that he arrested appellant November 3, 1984, for possession of marijuana after he stopped the vehicle appellant was driving on Interstate-10 and smelled marijuana. After searching the vehicle, Maddox found two and a half pounds of marijuana in the trunk.
Section 90.404(2)(a), Florida Statutes, provides that:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is solely to prove bad character or propensity.
We recognize that, of course, that general similarity does not qualify similar fact evidence for admission. There must be identifiable points of similarity which pervade the compared factual situations. Drake v. State, 400 So.2d 1217 (Fla.1981). We find, on application of this rule, that appellant’s prior arrest for possession of marijuana involved circumstances sufficiently similar to those involved here. In the prior arrest, appellant was found to be in possession of the same controlled substance, which was found in the trunk of a car he was driving on Interstate-10. The state sought to admit evidence of the prior arrest to show appellant’s ability to identify marijuana and knowledge of its pres *536 ence, an element of the crime of possession of marijuana. Evidence of appellant’s pri- or arrest was relevant to that issue.
As to the second issue raised, the record shows appellant did not object at trial to the admission of evidence regarding the $12,500 found in the vehicle. That issue is therefore not properly presented for the first time on appeal absent showing of fundamental error. Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980).
The order is affirmed.
BOOTH, C.J., concurs.
ZEHMER, J., dissents with written opinion.