615 So.2d 238 (1993)
Frank HEINZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1224.
District Court of Appeal of Florida, Third District.
March 9, 1993.
*239 Bennett H. Brummer, Public Defender, and Amy Agnoli and Lydia A. Fernandez, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Scott Stoloff, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant Frank Heinz from final judgments of conviction and sentences for (a) burglary of a structure with an assault [§ 810.02(2)(a), Fla. Stat. (1989)], and (b) six counts of false imprisonment [§ 787.02(2), Fla. Stat. (1989)]. We affirm.
The sole point on appeal is that the trial court erred in denying a defense motion for mistrial based on an alleged burden-shifting argument made by the prosecuting attorney to the jury. We reject this point because we are convinced beyond a reasonable doubt that there is no reasonable possibility that this argument, even if improper, contributed to the verdict and, consequently, a mistrial was not required. We reach this result for three reasons: (1) the arguably improper argument was a fleeting, one-sentence comment, and was not a prolonged, inflammatory argument (TR. 768); (2) the trial court sustained, almost immediately, a defense objection to this argument and shortly thereafter gave the jury an appropriate cautionary instruction (TR. 767-68, 772); and (3) the evidence that the defendant committed the crimes for which he was convicted was strong and pointed unerringly to the defendant. Bush v. Dugger, 579 So.2d 725, 727 (Fla. 1991); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Buchanan v. State, 575 So.2d 704, 707 (Fla. 3d DCA 1991); Broxson v. State, 505 So.2d 1361, 1364 (Fla. 1st DCA), rev. denied, 518 So.2d 1273 (Fla. 1987).
Affirmed.