PER CURIAM.
Defendant appeals his conviction for first degree murder and unlawful possession of a weapon while engaged in a criminal offense. We affirm.
William Desamours and co-defendant Luckner Joseph were charged with killing Mark Jacques amidst a drug “turf war” between the defendants and rival drug dealer group, “Joe Pound.” The victim was an employee of “Joe Pound,” supposedly murdered in retaliation for a threat made by “Joe Pound” against an employee of defendants. The State proceeded against Desamours on a principal theory based upon the testimony of O’Derrick St. Julius, who claimed to have witnessed the slaying.
Desamours claims that a number of errors occurring below resulted in irrelevant and prejudicial evidence being placed before the jury, reflecting adversely on Desamours, and requiring reversal. We disagree and conclude that the errors complained of were either not preserved for review or were brought to the trial court’s attention and immediately cured. We address several of issues raised.
First, Desamours claims that the trial court erred in not granting his motion for mistrial where a testifying officer made a comment which jurors could have interpreted as indicating Desamours’ involvement in another crime. At trial, one of the homicide officers involved in the case was asked if Desamours was a suspect when he was being questioned. The officer re *642 sponded “not in this case.” Desamours immediately requested a sidebar where he complained that the offensive comment indicated Desamours was a suspect in another murder. Desamours moved for a mistrial. The Court acknowledged that the comment was improper, denied mistrial, but gave a curative instruction that the officer was “incorrect in his last comment” and “misspoke.”
A ruling on a motion for mistrial is within the trial court’s discretion and should not be reversed absent an abuse of that discretion. See Hamilton v. State, 703 So.2d 1038 (Fla.1997). Here, the trial judge’s careful and immediate curative instruction was sufficient to correct the misstatement. See also Gudinas v. State, 693 So.2d 953 (Fla.1997)(Witness’ comment about pending charges against defendant in another state did not entitle defendant to mistrial, where comment was an isolated one, and judge dealt with it swiftly and decisively by issuing curative instruction.) Additionally, the court found that other testimony regarding investigations had been given during the course of the trial and that the jury could have concluded that the officer might have been referring to these other investigations.
Also, Desamours claims the trial court erred in permitting the State to ask what Desamours argued was a prejudicial hypothetical question of a witness. Again, we find no merit to this claim. Desamours attempted to discredit St. Julius by introducing testimony that St. Julius had visited Desamours’ previous counsel, John Li-pinski, and St. Julius had attempted to recant his testimony. On direct examination, attorney Lipinski testified that he did not observe anything “funny” when he was taking St. Julius’ statement. During the cross-examination of Lipinski, the State asked:
If you would have known that the third person that had taken O’Derrick St. Julius had been sent by this Defendant to threaten O’Derrick St. Julius, if you had known that the third person lived across the street and was a friend and sold drugs for this Defendant, if you would have known that that third person had shown a gun to O’Derrick St. Julius, in order to get him to change his testimony. Would you have felt comfortable?
Lipinski answered “No.” Prior to the hypothetical, the court conducted a side bar regarding questions to Lipinski which would have required hearsay answers. The trial court cautioned the State about continuing to phrase questions that called for hearsay, but found that a hypothetical would be proper. Here, all the facts in the hypothetical were in the evidence and properly before the jury. See Lopez v. State, 716 So.2d 301 (Fla. 3d DCA 1998)(observing that if the state, or the party seeking to explain the witness’s change of testimony, presents evidence of the existence of threats or intimidation, either from the witness’s testimony, through the testimony of third parties, then the same testimony can be presented to the jury.) Moreover, there was no objection to the hypothetical given. Thus, this issue cannot form the basis for the reversal sought.
Finally, Desamours argued the trial court erred in permitting the State to cross examine Desamours about his prior gun ownership. Again, while the Court found that Desamours had not “opened the door” to this line of questioning, the cautionary instruction given cured any harm caused by the comment. See Heinz v. State, 615 So.2d 238 (Fla. 3d DCA 1993)(observing prosecutor’s comment not reversible error, where the comment was fleeting and'the trial judge immediately *643 sustained a defense objection and issued a cautionary instruction to the jury).
Accordingly, the order under review is affirmed.