962 So.2d 389 (2007)
STATE of Florida, Appellant,
v.
Justin Wade SULLIVAN, Appellee.
No. 5D06-3316.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellee.
PER CURIAM.
The State of Florida appeals an order suppressing Justin Wade Sullivan's confession to the charge of capital sexual battery. Following an evidentiary hearing, the trial court considered the totality of the circumstances and ruled that the State failed to meet its burden of establishing that Sullivan's confession was voluntary. A trial court's ruling on the voluntariness of a confession will not be overturned unless clearly erroneous. E.g., Bonifay v. State, 626 So.2d 1310 (Fla. 1993). Because the defense presented ample evidence which called into doubt the voluntariness of Sullivan's confession, the trial court's ruling on this issue must stand. Id.
*390 The trial court also separately determined that law enforcement violated Sullivan's due process rights by failing to record their interview with Sullivan in its entirety. First, police officers are not required to tape record confessions. E.g., State v. Williams, 386 So.2d 27 (Fla. 2d DCA 1980). Second, the trial court expressly found that the officer was not acting in bad faith when he failed to tape Sullivan's entire interview. Under these circumstances, Sullivan's due process rights were not violated as a matter of law. See, e.g., State v. Daniels, 699 So.2d 837 (Fla. 4th DCA 1997).
Therefore, we affirm the suppression of Sullivan's confession but reverse that portion of the order finding a due process violation.
AFFIRMED IN PART AND REVERSED IN PART.
PLEUS, LAWSON and EVANDER, JJ., concur.