PER CURIAM.
We affirm appellant’s convictions for driving while under the influence of alcohol and leaving the scene of an accident. On the first two issues, we find the evidence was sufficient to go to the jury on the charge of willfully leaving the scene of the accident; and we find any error in the-receipt of evidence of the nature of the injuries sustained by the victim of the accident to be harmless. We also reject the appellant’s claim of error as to a jury instruction categorizing the results of a blood alcohol test as prima facie evidence of intoxication in accordance with Section 322.262, Florida Statutes (1981).[1]
The instruction given and later objected to as incomplete by appellant only after it was given to the jury was one specifically requested by the appellant. In addition, the record reflects that the appellant rejected an earlier offer by the trial judge to give an instruction that included an explanation either as to the meaning of prima facie or that otherwise properly explained the effect of the statute. Further, the additional instruction cited by the appellant post-trial was specifically directed to presumptions rather than the meaning of prima facie evidence.[2] Since the instruction in question makes no reference to any presumptions, we do not believe the giving of that instruction would have clarified or explained to *199 the jury the meaning of the instruction actually given.[3]
Finally, having reviewed all of the in-.struetions, the evidence, arguments of counsel, and the manner in which the case was presented to the jury, we believe that the jury was properly presented with the issue of intoxication based upon an evaluation of all the evidence presented on the issue and that no reversible error has been demonstrated.
ANSTEAD, C.J., DOWNEY, J., and RODGERS, EDWARD, Associate Judge, concur.

. The instruction provided:
If you find from the evidence that the Defendant had a .10 percent or more by weight of alcohol in his blood, it is prima facia [sic] evidence that the evidence — that the Defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
Immediately after the prima facie instruction the jury was told:
The Defendant has entered a plea of not guilty. This means you must presume or believe the Defendant is innocent. The presumption stays with the Defendant as to each material allegation in the Information through each stage of the trial until it has been overcome by the evidence, to the exclusion of and beyond a reasonable doubt.
To overcome the Defendant’s presumption of innocence, the State has the burden of proving the following two elements:
First, the crime with which the Defendant is charged was committed;
And second, the Defendant is the person who committed the crime.
The Defendant is not required to prove anything.

. The additional requested instruction, specifically revealed for the first time in appellant’s motion for new trial, provided: You may disregard any presumption if it has been rebutted or explained.
At the hearing on the motion for new trial counsel conceded that he had mistakenly assumed that the judge would be giving an instruction routinely given in county court trials. We agree that an instruction on the meaning and effect of the categorization of the test results as prima facie evidence of intoxication should be given if requested. Black’s Law Dictionary states:
PRIMA FACIE. Lat. At first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary.
However, as noted in the opinion, the appellant declined an explanatory instruction as to the meaning of prima facie as used in the instruction.

. The statute, Section 322.262, provides only that its provisions as to the effect of the test results constituting prima facie evidence of intoxication, shall not preclude the receipt of other evidence on the issue of intoxication. In this case, other evidence on this issue was indeed received and relied on by appellant to challenge the state’s claim that he was intoxicated.