# STATE OF FLORIDA v OAKLEY

## Case No. 86-3873 MMA-10

County Court, Broward County

July 25, 1986

### APPEARANCES OF COUNSEL

**George T. Pallas** for defendant.

**Mitchell Kraft,** Assistant State Attorney, for plaintiff.

### OPINION OF THE COURT

JUNE LaRAN JOHNSON, County Judge.

This cause came on to be heard upon the Defendant's Motion to Declare Florida Statute § 316.1934 Unconstitutional, the Court, having reviewed the court file, having heard argument of counsel, and being otherwise fully advised in the premises, enters the following Order:

## FINDINGS OF FACT

On February 25, 1986, the Defendant, STEVEN EDWARD OAKLEY, was observed exceeding the speed limit in the southbound lane of Interstate 95 in Broward County, Florida. Based upon observation of OAKLEY made by the arresting officer, he was transported to a Broward Sheriff's Office station where he submitted to two chemical breath tests. Both tests, given within three minutes of each other, resulted in a blood alcohol reading of 0.14%.

Thereafter, the State filed an Information charging OAKLEY with Driving Under the Influence (DUI) pursuant to Florida Statute § 316.193(1). The State, at trial, intends to offer as proof of impairment OAKLEY's blood alcohol reading. OAKLEY's sole defense at trial will be, as is often the case, that he was not impaired. OAKLEY has filed a Motion to Declare Florida Statute § 316.1934 Unconstitutional.

## CONCLUSIONS OF LAW

Section 316.1934, Florida Statutes provides, in pertinent part:

Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties, the results of any test administered in accordance with § 316.1932 or § 316.1933 and this section shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood or breath, shall give rise to the following resumptions:

. . . . . . . . . . .

If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, that fact *shall be prima facie evidence* that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Moreover, such person who has a blood alcohol level of 0.10 percent or above is guilty of driving, or being in actual physical control of, a motor vehicle, with an unlawful blood alcohol level. (emphasis added).

OAKLEY contends that the jury instructions based on § 316.1934 create a mandatory rebuttable presumption on the essential issue of impairment in that it instructs the jury that it *must* infer the presumed fact (impairment) if the State proves only a certain predicate act (a

68

blood alcohol level of .10% or greater). Therefore, OAKLEY contends that the instructions are prohibited by the Due Process clause of the Florida and United States Constitution and by *Sandstrom v. Montana*, 442 U.S. 510 (1979) and its progeny. The Court agrees.

## II.

In the recent case of *Francis v. Franklin*, —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed. 2d 344 (1985), the Supreme Court held that a trial court's instruction to the jury in a murder trial that "the acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted" and that "a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted" created a mandatory rebuttable presumption that shifted to the defendant, in violation of the Due Process Clause, the burden of persuasion on the element of intent once the state had proved the predicate acts. The Court stated:

> A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate acts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element unless the defendant persuades the jury not to make such a finding. 105 S. Ct. at 1972-3.

The Court finds highly persuasive the even more recent decision of *Miller v. Norvel*, 775 F.2d 1572 (11th Cir. 1978). In that case, the Eleventh Circuit had occasion to review a Florida criminal statute prohibiting misapplication of funds. The statute contained a presumption, virtually identical to the one challenged here, which provided that failure to spend funds as agreed upon "shall constitute prima facie evidence of intent to defraud." The Court, relying on *Francis v. Franklin*, held that the statute created an unlawful mandatory rebuttable presumption on the issue of intent and was unconstitutional as applied to the facts of that case *and* on its face. The Court rejected the reasoning of *State v. Ferrari*, 398 So.2d 804 (Fla. 1981), wherein the Florida Supreme Court had determined the presumption to be constitutional.

It is clear to this Court that § 316.1934 creates a mandatory rebuttable presumption prohibited by the aforementioned cases. The statute does not tell the jury that they have a choice, or that they *might* infer that conclusion; they are told only that the law presumes it. *Sandstrom, supra*. Stated differently, the statute *requires* the jury, if satisfied as to the facts which trigger the presumption, to find impairment *unless* the defendant offers evidence to the contrary.

Moreover, the fact that presumption is rebuttable does not suffice to cure the infirmity in the instruction. As was stated in *Francis v. Franklin*, 105 S. Ct. at 1973, "[a] mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional."

The Court is not unaware of Florida appellate decisions which have upheld this instruction, and the statute from which it finds its genesis, against a similar attack. *Berry v. State*, 453 So.2d 197 (Fla. 4th DCA 1984); *Hall v. State*, 440 So.2d 689 (Fla. 1st DCA 1983). However, these cases were decided *prior* to the most recent and authoritative pronouncement on the issue in *Francis v. Franklin* and, therefore, their precedential value, if any, is in doubt. Furthermore, "[t]he question, however, is not what the State Supreme Court [or appellate court] declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning." *Sandstrom*, 442 U.S. at 516-517. It is clear that a reasonable juror can easily view such an instruction as mandatory.

Finally, the Court notes that the challenged instructions are not given in isolation and that the Court is obliged to charge the jury as to the State's burden of proof and the defendant's presumption of innocence. However, these "general instructions as to the prosecution's burden and the defendant's presumption of innocence do not dissipate the error in the challenged portion of the instructions." *Francis v. Franklin*, 105 S. Ct. at 1974.

## III.

It is the finding of this Court that impairment of a defendant is an essential element of a DUI offense which cannot be taken from the trier of fact through reliance on a legal presumption of impairment from proof of a blood alcohol level at .10% or greater. Although a blood alcohol level of .10% or greater may well support an inference that OAKLEY was impaired, the jury must remain free to accept or reject the inference. Section 316.1934, from which the presumption instruction emanates, invades this factfinding function which, in a criminal case, the law assigns solely to the jury. Accordingly, the Defendant's Motion to Declare Florida Statute § 316.1934 Unconstitutional is GRANTED and that the instant Information is hereby DISMISSED.

The Court notes that this decision has no applicability in so-called "refusal" cases where there is no blood alcohol reading to be introduced as evidence of impairment and, therefore, no need to instruct the

70

jury as to the presumptions of impairment. Moreover, the State retains the right, in those cases where there is a blood alcohol reading of 0.10% or greater, to proceed under § 316.193(1)(b) (Driving with an Unlawful Blood Alcohol Level (DUBAL)) *only* in that impairment is not an element of that offense. However, the State cannot proceed on the instant Information which alleges both DUI and DUBAL in that "[i]t has long been settled that when a case is submitted to a jury on alternative theories, the unconstitutionality of any of the theories requires that the conviction be set aside." *Leary v. United States*, 395 U.S. 6 (1969).

### ISSUE CERTIFIED

Pursuant to Rule 9.160, Florida Rules of Appellate Procedure, I hereby certify that the following issue is of great public importance:

WHETHER FLORIDA STATUTE 316.1934, AND THE JURY INSTRUCTION WHICH ARISES THEREFROM, IS VIOLATIVE OF THE DUE PROCESS CLAUSE OF THE FLORIDA AND UNITED STATES CONSTITUTION WHERE SUCH INSTRUCTION, TAKEN IN THE CONTEXT OF THE ENTIRE JURY CHARGE, CREATES AN IMPERMISSIBLE MANDATORY REBUTTABLE PRESUMPTION ON AN ESSENTIAL ELEMENT (IMPAIRMENT) OF A DUI OFFENSE?

DONE AND ORDERED this 25th day of July, 1986, at Fort Lauderdale, Florida, Broward County, Florida.