JOHNSON, Judge.
This is an appeal from a conviction, judgment and sentence entered pursuant to a jury verdict finding the appellant guilty of embezzlement under the provisions of Section 84.341(3), F.S.A., which has now been repealed or superseded by a new law.
It appears that Mr. Mann and a Mr. Wilkerson, were engaged in a house building operation, in which an open account arrangement existed with a Mr. Gerald F. Williams, a building supply man, also a Mr. Wiggins, a hardware merchant, as well as other parties and labor contractors. These parties furnished labor and materials to Mr. Mann and Mr. Wilkerson on several houses. Payments were made on a monthly basis, and the last payments made were insufficient to pay the full amounts allotted to the house of the prosecuting witness in this case, a Mr. Chase. The supplier arbitrarily allocated the payments so made as he so desired, inasmuch as neither Mr. Mann nor Mr. Wilkerson gave instructions as to how the payments were to be made.
We are unable to ascertain from the evidence that the appellant Mann actually used his own use or that he actually diverted any such sums. The Florida Statute under any part of any payment from Mr. Chase to which the information was filed in this case, Chapter 63-135, Section 84.341 (3) Florida Statutes, F.S.A., provides inter alia, that if any person — , “with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement * * Said act further provides, “that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.”
The evidence is somewhat confusing as to the actual relationship between Mr. Mann, the appellant, and Mr. Wilkerson. It is undisputed that there were a number of houses which had been completed and approximately enough money still due on these houses, four in number, we believe to be correct, with which to more than complete the Chase house. Also, it is undisputed that there were some 15 more houses in process of building with a combined balance due thereof of $69,000, whereas $55,000 would have been sufficient to finish these houses. Throughout this operation, all funds received from all the houses were comingled, *474 and payments made to suppliers from said comingled bank account without specific regard as to any source of the money in the account.
At the termination of the business arrangement with Mr. Wilkerson, Mr. Wilkerson paid Mr. Mann $4,000 and Mr. Mann went his way, leaving the business and in-completed houses, as well as the uncollected balances due or to become due, up to Mr. Wilkerson.
We feel that the statute under which this information is filed is very vague and in fact so incomplete that we need to rely partly upon the general statutes against embezzlement for enlightenment. Intent to defraud is a material element of the crime, and while the statute in question attempts to make failure to use any portion of any money for any purpose while there are accounts for material or services unpaid, prima facie evidence of intent to defraud, we feel that the testimony of Mr. Wilkerson and of Mr. Mann is sufficient to overcome the prima facie intent. The State’s showing that payments made were on running accounts and applied as the supplier desired, and the fact that there were several houses in process of building at the same time, rendered any pri-ma facie evidence of intent to defraud nil in this case.
We will not determine the constitutionality of the Statute in question because it was not properly raised in the lower court, but we can, and we think properly so, say and determine that said statute is so vague and indefinite as to times, such as, “when is a material bill owing,” that it becomes completely impractical, if not impossible for a building contractor to contract for work on more than one house at a time and pay for anything without being in violation of said act.
The court permitted in evidence a second check which was the basis for a second information filed against the appellant and his codefendant, and we think this was prejudicial error inasmuch as this latter check was not evidence of a crime, and especially so in view of our decision with reference to the check which was the basis for the information in the case sub judice.
For the reasons stated, the judgment of conviction is reversed and the sentence imposed thereon set aside and the court directed to enter a judgment of not guilty as to the appellant.
WIGGINTON, C. J., and SPECTOR, J., concur.