Richard **MILLER**, Petitioner-Appellant,

v.

C.L. **NORVELL**, Sheriff, St. Lucie County Jail, Dr. Barbara Greadington, Commissioner, FPPC and Louie L. Wainwright, Respondents-Appellees.

No. 85–5171.

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1985.

---

Anthony Calvello, Asst. Public Defender, West Palm Beach, Fla., for petitioner-appellant.

Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, Fla., for respondents-appellees.

Before FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

JOHNSON, Circuit Judge:

Appellant is a building contractor. During 1978 and 1979 he entered into construction contracts with five individuals for whom he agreed to build houses. All of these individuals advanced funds to appellant for use on their respective homes. Appellant failed to use this money to pay for

---

\* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

work on these houses, and work on each of them was halted.

Appellant was charged with misapplication of funds in violation of Fla.Stat. § 713.34(3). Fla.Stat. § 713.34(3) provides:

(3) Any person, firm, corporation, or agent, officer or employee thereof who, *with intent to defraud,* shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement and shall be prosecuted and, upon conviction, punished in accordance with the provisions of the laws of this state; *provided, however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.* (Emphasis added.)

Appellant filed a motion to dismiss the charges on the grounds that Fla.Stat. § 713.34(3) was unconstitutional both facially and as applied to him, under both state and federal law. The trial judge denied this motion. Appellant was tried on March 23–28, 1980. At the close of the State's case, appellant renewed his motion, which motion was again denied. He submitted six requested jury instructions which were denied by the trial judge.

At trial, the judge instructed the jury: "Proof that the defendant failed to pay for such labor, services or materials for any specific improvement from the proceeds of any payment made to him for such specific improvements shall constitute prima facie evidence of intent to defraud. Prima facie evidence means evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose."

Appellant was found guilty on all five counts with which he was charged. He was sentenced to six months in county jail with fourteen-and-one-half years' proba-

tion. Appellant's convictions were affirmed on direct appeal. *Miller v. State,* 407 So.2d 959 (Fla. 4th Dist.Ct.App.1981).

Appellant filed a Petition for Writ of Habeas Corpus in United States District Court for the Southern District of Florida on May 14, 1982. On January 14, 1985, a United States Magistrate recommended that the petition be denied. This recommendation was adopted by the district court on February 8, 1985. This appeal followed.

I. Constitutionality of the Jury Instructions

A. The *Sandstrom* Error

Appellant contends that the jury instructions based on Fla.Stat. § 713.34(3) created a mandatory rebuttable presumption on the issue of intent, placing the burden of proof on the defendant with respect to that issue. Appellant contends that the instructions were prohibited by *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and its progeny.

In the recent case of *Francis v. Franklin,* —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), which was decided after the district court denied appellant's petition for habeas relief, the Supreme Court said: "A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element unless the defendant persuades the jury not to make such a finding." *Id.,* 105 S.Ct. at 1972–73. The Court held that a mandatory rebuttable presumption is unconstitutional. *Id.* at 1973.

In *State v. Farrari,* 398 So.2d 804 (Fla. 1981), the Florida Supreme Court considered the constitutionality of the presumption in Fla.Stat. § 713.34(3). The Florida Supreme Court held that a permissive presumption is one which allows the jury to find the presumed fact once the basic fact is proven, but does not require such a finding by the jury. *Id.* at 806.

The court then held that the presumption in Section 713.34(3) "does not bind the jury to find that the presumed fact necessarily follows the proven fact, therefore the presumption is permissive in nature." *Id.*

Although the Florida Supreme Court held that the statute in issue, and therefore the jury instruction authorized by that statute, created a permissive inference, this Court owes no deference to that interpretation. The challenged instruction in *Francis* had previously been construed by the Georgia Supreme Court to create a permissive inference. In rejecting this construction, the United States Supreme Court held: "The question, however, is not what the State Supreme Court declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning.... The federal constitutional question is whether a reasonable juror could have understood the [charge] as a mandatory presumption that shifted to the defendant the burden of persuasion on the element of intent once the State had proved the predicate acts." *Francis,* 105 S.Ct. at 1972.

Contrary to what the Florida Supreme Court said, the fact that a presumption does not bind a jury to find that "the presumed fact necessarily follows the proven fact" does not mean that the presumption is a permissive inference. Such a presumption could be either a permissive inference or a mandatory rebuttable presumption. The difference between the two types of presumptions is that, unlike a permissive inference, a mandatory rebuttable presumption *requires* a jury to find that the presumed fact follows the proven fact *unless* the defendant produces evidence to rebut the existence of the presumed fact.

■ In the present case, the challenged instructions stated that the failure to spend funds properly "shall constitute prima facie evidence of intent to defraud." By using the term "shall," the instructions command the jury to find intent to defraud if the jury finds that funds were not applied directly to the project for which they were advanced and the defendant fails to produce evidence to rebut this finding. A reason-able juror thus "could have understood" the instructions to *require* the jury to find intent to defraud, *unless* the defendant produced evidence to rebut that finding. Because the instructions in the present case could be interpreted to create a mandatory rebuttable presumption, the instructions are unconstitutional. *Francis,* 105 S.Ct. at 1972.

■ Even if the jury instructions in the present case created a permissive inference, the instructions would be unconstitutional. In *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Supreme Court held that the constitutionality of a permissive inference should be judged in light of the circumstances giving rise to the inference in the particular case. *Id.* at 162–63, 99 S.Ct. at 2227; *see Cosby v. Jones,* 682 F.2d 1373, 1376 (11th Cir.1982). Where the proven fact is not the only evidence of a presumed fact that is an element of an offense, a permissive inference can be upheld only if, given that the initial fact is proven, it is "more likely than not" that the presumed fact would follow. *See id.* at 1376–77. However, where the proven fact is the *sole* evidence of the presumed fact, the inference can be upheld only if, given that the initial fact is proven, the presumed fact would follow beyond a reasonable doubt. *See Ulster County Court,* 442 U.S. at 167, 99 S.Ct. at 2230.

■ In the present case, the sole evidence of the contractor's intent to defraud was the fact that the contractor received advance payments for work on various projects and did not spend these funds on those specific projects. Under these circumstances, the inference that, because the contractor did not spend money on projects for which the money was advanced, he intended to defraud the owners must be tested by a "beyond a reasonable doubt" standard. Given the fact that material and labor costs remain unpaid after an advance of contract funds by an owner, it does not follow beyond a reasonable doubt that a contractor intends to defraud the owner. Thus, even if the presumption in the

present case created a permissive inference, the presumption would be unconstitutional.

### B. Harmless Error

■ This Court has held that the harmless error doctrine may be applicable to a *Sandstrom* error if the court can say "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Davis v. Kemp,* 752 F.2d 1515, 1521 n. 7 (11th Cir.1985) (en banc) (*quoting Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). A *Sandstrom* error can be harmless beyond a reasonable doubt under two circumstances: (1) where the faulty instruction applied to an element of the crime not at issue at the trial; or (2) where evidence of guilt was "overwhelming." *Davis,* 752 F.2d at 1521. In this second situation, the court's analysis should focus on whether evidence of the presumed element (*i.e.,* intent), rather than the more inclusive issue of *guilt,* is overwhelming. *See Tucker v. Kemp,* 762 F.2d 1496, 1502 (11th Cir.1985) (en banc).

■ Appellant's sole defense in the present case was that he lacked intent to defraud. He claimed that he did not pay the subcontractors because he was involved in contract disputes with them. The faulty instruction, which shifted the burden of proof on intent, thus applied to an element of the crime that was contested at trial. The State offered no evidence of intent to defraud, other than the evidence which gave rise to the presumption in the present case. Under these circumstances, the evidence of appellant's intent was far from overwhelming. We cannot conclude that, beyond a reasonable doubt, the *Sandstrom* violation did not contribute to the verdict obtained. The *Sandstrom* violation was therefore not harmless error.

### II. Constitutionality of Fla.Stat. § 713.-34(3)

■ Appellant also challenges the constitutionality of Fla.Stat. § 713.34(3), both as applied to him and on its face. A statute that relieves the State of the affirmative burden of proving one of the elements of an offense is analyzed in accordance with the same principles as the jury instructions that are based on that statute. *See Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

■ The Florida Supreme Court has held that Fla.Stat. § 713.34(3) creates a permissive inference, and not a mandatory rebuttable presumption. *Farrari,* 398 So.2d 804. Normally, a state supreme court is the ultimate expositor of state law. *Mullaney,* 421 U.S. at 691, 95 S.Ct. at 1886. However, when a court determines whether a statute creates a mandatory rebuttable presumption or a permissive inference, the court is directly deciding the question of whether that statute comports with federal constitutional requirements. The determination of the type of presumption a state statute creates is thus a federal question subject to review by federal courts. We note that to hold otherwise would create the anomalous situation where a statute is held to be constitutional, although jury instructions that are merely a *verbatim* rendition of the statute are held to be unconstitutional.

■ For the reasons discussed in the first part of this opinion, we conclude that Fla.Stat. § 713.34(3) creates a mandatory rebuttable presumption. We therefore hold that Fla.Stat. § 713.34(3) is unconstitutional both on its face and as applied to the defendant in the present case. *See Francis,* 105 S.Ct. at 1973.

The order of the district court denying appellant's Petition for Writ of Habeas Corpus is REVERSED.