No. 85–1359. NORVELL, SHERIFF, ST. LUCIE JAIL, ET AL. *v.* MILLER. C. A. 11th Cir. Motion of respondent for leave to

proceed *in forma pauperis* granted.   Certiorari denied. █

CHIEF JUSTICE BURGER, with whom JUSTICE REHNQUIST and JUSTICE O'CONNOR join, dissenting.

Miller was charged with "misapplication of funds" in connection with the 1978 construction of several homes.   The Florida statute under which Miller was charged provides that one of the elements of the crime, the "intent to defraud," can be prima facie established by the "failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds."   Fla. Stat. § 713.34(3) (1985).

The state trial court instructed the jury that

> "[p]roof that the defendant failed to pay for such labor, services or materials for any specific improvement from the proceeds of any payment made to him for such specific improvements shall constitute prima facie evidence of intent to defraud.   Prima facie evidence means evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose."

Miller was found guilty and sentenced to 6 months in county jail and 14½ years' probation.   After Miller's conviction was affirmed on direct appeal, he brought this federal habeas action.   The District Court denied the application.

The Court of Appeals for the Eleventh Circuit reversed, 775 F. 2d 1572 (1985), holding that the jury instructions could have been interpreted as creating a "mandatory rebuttable presumption" in violation of *Francis* v. *Franklin*, 471 U. S. 307 (1985), and *Sandstrom* v. *Montana*, 442 U. S. 510 (1979).   Although this holding was sufficient to dispose of the application, the court went on to hold that the statute under which Miller was convicted was unconstitutional.   Since the improper jury instructions were a "verbatim" rendition of the statute, the court reasoned, the statute, like the instructions, must fail.

Even if the jury instructions were impermissible under *Franklin* and *Sandstrom*, by striking down the underlying statute the Court of Appeals' decision flies in the face of *Ulster County Court* v. *Allen*, 442 U. S. 140 (1979), where we considered a facial attack upon a New York statute on the grounds that it impermissibly shifted the burden of proof.   As the Court explained, a facial attack to a statute on these grounds will fail if the statute creates

only a "permissive inference," leaving the trier of fact free to credit or reject the inference. The application of the statute to a particular case, however, can be successfully challenged if there is no rational way the trier could make the connection permitted by the inference. On the other hand, a statute creating a "mandatory presumption" is "a far more troublesome evidentiary device" because it may "affect not only the strength of the 'no reasonable doubt' burden but also the placement of that burden; it tells the trier that he or they *must* find the elemental fact upon proof of the basic fact." *Id.*, at 157. To the extent that the trier of fact is forced to abide by the presumption irrespective of particular facts presented by the case, the analysis of the mandatory presumption's constitutional validity "is logically divorced from those facts and based on the presumption's accuracy in the run of cases." *Id.*, at 159. Because the statute in *Ulster County* created only a permissive inference, the Court held that the Court of Appeals erred in passing on the constitutionality of the statute "on its face." *Id.*, at 163.

The Court of Appeals' decision in this case striking down the statute cannot be reconciled with *Ulster County*. According to the Florida Supreme Court, the statute creates only a "permissive inference." *State* v. *Ferrari*, 398 So. 2d 804 (1981). A state trial court could, consistently with the statute as interpreted by the Florida Supreme Court, instruct the jury that it is free to either accept or reject the inference; that is, from the evidence that a contractor received advance payment for a particular project and did not use the money for the project, the jury could *but need not* infer that the contractor intended to defraud the owner. As we held in *Ulster County*, whether this kind of permissive inference unconstitutionally relieves the State of its burden of proof is to be determined on the facts of each case. But, because such an inference can be applied in a manner not repugnant to the Constitution, the Court of Appeals had no warrant to hold the Florida statute unconstitutional.

The Court of Appeals suggested that, while the Florida Supreme Court said that the statute created only a permissive inference, as a matter of federal law it created a mandatory rebuttable presumption. The Florida Supreme Court, however, is the final expositor of Florida law, not the Eleventh Circuit. Whether the troublesome phrase in the statute—"shall constitute prima facie evidence"—places the burden upon the defendant to rebut

the State's showing is a question properly left to the Florida Supreme Court. Even if the Florida Supreme Court had not already declared that the statute created only a permissive inference, the Court of Appeals still should have allowed the Florida courts to interpret their statute to conform with federal constitutional requirements. And, even if the statute were incapable of such interpretation, the Florida courts should have been left free to make that determination in the first instance.

The holding of the Court of Appeals is not only incorrect but also completely gratuitous. After holding that the petition should be granted because of the flawed jury instruction, it had no reason to go on and take the drastic step of holding a state statute unconstitutional, thereby leaving the State with no means of retrying Miller. Accordingly, I would grant the petition and at least allow plenary consideration of the issue.