528 So.2d 1208 (1988)
Carlton ROLLE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2089.
District Court of Appeal of Florida, Fourth District.
April 27, 1988.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Carlton Rolle, was charged and convicted of felony driving under the influence in violation of section 316.193, Florida Statutes (1985), for which he was sentenced to one year in the county jail. He presents two points for appellate consideration, only one of which we find constitutes reversible error.
Section 316.1934(2)(c), Florida Statutes (1985), provides:
(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties, the results of any test administered in accordance with s. 316.1932 or s. 316.1933 and this section shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood or breath, shall give rise to the following presumptions:
... .
(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were *1209 impaired. Moreover, such person who has a blood alcohol level of 0.10 percent or above is guilty of driving, or being in actual physical control of, a motor vehicle, with an unlawful blood alcohol level.
In instructing the jury in the present case the trial court advised the jury, over defense objection, that:
If you find from the evidence that the Defendant had a blood alcohol level of .10 percent or more, that evidence would be sufficient by itself to establish that the Defendant was under the influence of alcohol to the extent that his normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
Based upon Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), and Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985), Rolle contends that the aforesaid statute and instruction thereon given by the court create an unconstitutional mandatory rebuttable presumption on the issue of impairment  an issue that must be proven to the satisfaction of the jury beyond a reasonable doubt  because they relieve the state of its burden of proof of the essential element of impairment by instructing the jury not that it has a choice to determine whether the defendant was impaired based upon the results of a mechanical test, but that it must accept as proven the essential fact of impairment if the test result shows a blood alcohol reading of.10% or more. Predictably, the state argues that the instruction and statute involve only a permissive presumption and, therefore, do not offend the due process considerations set forth in Francis and Miller. The state finds support in numerous cases decided by the Supreme Court of Florida, such as State v. Ferrari, 398 So.2d 804 (Fla. 1981); State v. Bender, 382 So.2d 697 (Fla. 1980); Fitzgerald v. State, 339 So.2d 209 (Fla. 1976); and others such as Hall v. State, 440 So.2d 689 (Fla. 1st DCA 1983). However, those cases are no longer viable vis-a-vis this question because, in Francis, which postdated those cases, the Supreme Court of the United States stated:
The question, however, is not what the State Supreme Court declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning. The federal constitutional question is whether a reasonable juror could have understood the [charge] as a mandatory presumption that shifted to the defendant the burden of persuasion on the element of intent once the State had proved the predicate acts.
105 S.Ct. at 1972 (citation omitted). The statute in question provides that a reading of 0.10% or more by weight of alcohol "shall be prima facie evidence that the person is impaired." The instruction in question as given advised the jury that, if they found from the evidence that the defendant had a blood alcohol level of .10% or more, "that evidence would be sufficient by itself to establish" that the defendant was impaired. As worded, the statute provides that a reading of .10% or more ipso facto is enough to find the defendant impaired and, thus, guilty, unless the defendant comes forward with evidence and rebuts the presumption. The instruction, by its wording, tells the jury that proof of a .10% reading would be sufficient, which is the equivalent of "should be" sufficient to find him impaired. Black's Law Dictionary 1441 (5th ed. 1979). Thus, it appears a reasonable juror could conclude from such a directive that, if the reading is .10%, no further proof by the state or determination by the jury need be made. And therein lies the problem. The Supreme Court has held that a mandatory rebuttable presumption such as that found in this subsection offends the constitutional requirement of due process because the defendant may only be convicted on proof beyond a reasonable doubt of every fact necessary to constitute the crime. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Nor does it suffice to say that the day is saved by the further provision allowing the defendant to rebut the presumption. Although many of the older cases used that argument (e.g., Ferrari and Hall,) it is no longer viable and, in fact, Francis suggests that such a provision compounds the constitutional deficiency because of possible juror misperceptions. The Court said:

*1210 The very statement that the presumption "may be rebutted" could have indicated to a reasonable juror that the defendant bore an affirmative burden of persuasion once the State proved the underlying act giving rise to the presumption.
105 S.Ct. at 1973.
It appears to us that the statute and instructions thereon could be so worded as to pass constitutional muster. However, it is imperative that it be made clear the presumption is purely permissive and that the assessment of the underlying facts and the weight to be accorded them is entirely within the jury's determination. As the Court said in County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), in discussing and approving permissive presumptions:
Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime  that is, an "ultimate" or "elemental" fact  from the existence of one or more "evidentiary" or "basic" facts. The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently. Nonetheless, in criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.
The most common evidentiary device is the entirely permissive inference or presumption, which allows  but does not require  the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. In that situation the basic fact may constitute prima facie evidence of the elemental fact. When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.
99 S.Ct. at 2224-2225 (citations omitted). It appears the Florida statute in question provides that a certain mechanical reading "shall be prima facie evidence" of impairment. The court in Miller held similar language used in section 713.34(3), Florida Statutes (1979), commands the jury to find the basic fact proven unless the defendant produces evidence to rebut the finding. That interpretation renders the statute unconstitutional.
We have not overlooked the possibility of applying the harmless error rule in this case because there was other direct evidence of Rolle's impairment. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Miller. However, honoring the teaching of those cases, which require that, before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless error beyond a reasonable doubt, we reject application of the harmless error doctrine because we cannot say beyond a reasonable doubt that the jury would have convicted Rolle absent the defective instruction given.
Therefore, we reverse appellant's judgment of conviction and sentence and remand this cause for a new trial.
WALDEN and GUNTHER, JJ., concur.