530 So.2d 986 (1988)
Johnny Lee FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1398.
District Court of Appeal of Florida, First District.
August 22, 1988.
Michael E. Allen, Public Defender, Kathleen Stover, and Maria Ines Suber, Asst. Public Defenders, Tallahassee, for appellant.
*987 Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Johnny Lee Frazier appeals his conviction and sentence for DUI manslaughter, in violation of section 316.193(3)(a), (b), (c)3, Fla. Stat. (1986 Supp.). We find no reversible errors among the issues raised on appeal.
The evidence at trial established that on the evening of November 6, 1986, appellant was observed driving the wrong way on a one-way street in downtown Jacksonville at a speed of 5-8 miles per hour. Shortly after a sheriff's officer turned his blue lights on and signaled appellant to stop, appellant accelerated and proceeded the wrong way onto Pearl Street. About two blocks later, appellant smashed into a BMW, which spun and slid and ended up on the sidewalk. Appellant was traveling at approximately 55 miles per hour when he hit the other car, and there was no indication appellant attempted to brake or avoid hitting the other automobile. As a result of the collision, a passenger in the BMW sustained numerous injuries and died instantly.
After the accident, Officer Johnson of the Jacksonville Sheriff's Office approached appellant's car and "smelled alcohol from the defendant, or from the vehicle area and it was pretty obvious to me that alcohol may have been involved." Appellant was placed under arrest and subsequently subjected to a set of four field sobriety tests, the results of which were unsatisfactory. In Johnson's opinion appellant was affected by alcohol to the extent that his normal faculties were impaired.
Detective Hugh Massey testified that he had the opportunity to examine appellant closely after the accident and that he noticed appellant's eyes were very bloodshot and watery, appellant had a very strong odor of alcohol, and appellant appeared intoxicated. Because of this, Massey requested that blood samples be taken and field sobriety tests administered. Massey stated that two beer cans and a paper cup were found in appellant's car and that appellant told him he had 3 or 4 beers at approximately 9:00 or 9:30 in the evening.
Constance Senkowski tested appellant's blood sample for alcohol content and the results of the test revealed that appellant's blood had .24 grams percent alcohol content. In her opinion, appellant would have been impaired for driving at the time the sample was taken. Officer Keith Knight administered a breathalyzer test to appellant approximately five hours after the accident; the results of the test showed a .139 alcohol content. When Knight asked appellant what he had been doing during the past three hours, appellant admitted that he had been drinking and was under the influence, and that he had "eight, nine, or ten beers." In Knight's opinion, appellant was under the influence of alcohol to the extent that his normal faculties were impaired.
At the charge conference, appellant objected to the jury being instructed on the presumptions contained in § 316.1934, Fla. Stat. (1986 Supp.); however, the court overruled his objections. The jury found appellant guilty of DUI manslaughter. Appellant also was found to be in violation of his probation on a 1980 sexual battery conviction. The recommended guidelines sentence was 17-22 years' imprisonment. Following the submission of briefs by the parties on the issue of sentencing, the court sentenced appellant to 15 years in prison for the DUI manslaughter charge to be followed by 10 years in prison on the sexual battery charge, the latter sentence being credited with time already served.
Appellant first contends that the trial court erred in instructing the jury as to the existence of a presumption of impairment pursuant to § 316.1934, Florida Statutes.[1] He argues that the instruction is *988 unconstitutional because a reasonable juror could have interpreted the instruction as a mandatory presumption requiring a finding that appellant's normal faculties were impaired if his alcohol level was .10 or above, or as a mandatory rebuttable presumption requiring appellant to persuade the jury that his normal faculties were not impaired notwithstanding the .24 and.139 alcohol readings.
In Hall v. State, 440 So.2d 689 (Fla. 1st DCA 1983), this court held that the jury instruction at issue did not unconstitutionally shift the burden of proof to the defendant to prove his innocence. The court held that there was a rational connection between the fact proven and the ultimate fact presumed, and that Hall was not denied an opportunity to rebut the state's prima facie case.
Although Hall found that this instruction did not shift the burden of proof, Hall was decided before Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) and Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985). In Miller the 11th Circuit held that a Florida criminal statute and jury instruction, which stated that a defendant's failure to spend funds properly "shall constitute prima facie evidence of intent to defraud," could be interpreted by the jury to create a mandatory rebuttable presumption, and therefore was unconstitutional under the Supreme Court's holding in Francis v. Franklin (mandatory rebuttable presumption is unconstitutional). The Miller court found that the harmless error doctrine could not be applied to the facts of the case before it, but stated that
[a] Sandstrom [v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)] error can be harmless error beyond a reasonable doubt under two circumstances: (1) where the faulty instruction applied to an element of the crime not at issue at the trial; or (2) where evidence of guilt was "overwhelming." [Citation omitted]. In this second situation, the court's analysis should focus on whether the evidence of the presumed element ... rather than the more inclusive issue of guilt is overwhelming.
775 F.2d at 1576.
The Fourth District, relying on Francis and Miller, recently held that the presumptions contained in section 316.1934(2)(c), Fla. Stat. (1985) and a jury instruction based on this statute were unconstitutional. Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988). The court stated:
Thus, it appears a reasonable juror could conclude from such directive that, if the reading is .10%, no further proof by the state or determination by the jury need be made. And therein lies the problem. The Supreme Court has held that a mandatory rebuttable presumption such as that found in this subsection offends the constitutional requirement of due process because the defendant may only be convicted on proof beyond a reasonable doubt of every fact necessary to constitute the crime.
528 So.2d at 1209. The court noted the decision in Hall but concluded that in light of Miller and Francis, the Hall opinion probably was no longer valid. The court recognized the harmless error test enunciated *989 in Miller, but found that on the facts of the case the court could not say "beyond a reasonable doubt that the jury would have convicted Rolle absent the defective instruction given." Rolle at 1210.
We follow the holding in Rolle and hold that the jury instruction in this case constituted a mandatory rebuttable presumption in violation of appellant's constitutional right on the authority of Francis and Sandstrom. We do not adhere to our prior decision in Hall because of the intervening decisions in Francis and Miller. Because this issue is one of great public importance, however, we certify to the supreme court the following question:
WHETHER JURY INSTRUCTIONS BASED ON THE STATUTORY PRESUMPTIONS CONTAINED IN § 316.1934(2)(c) CONSTITUTE UNCONSTITUTIONAL MANDATORY REBUTTABLE PRESUMPTIONS.
Applying the harmless error test, we conclude that it is not necessary to reverse appellant's conviction. Evidence of the presumed element, that the defendant was under the influence of alcohol to the extent that his normal faculties were impaired, is overwhelming, and we can say beyond a reasonable doubt that the jury would have convicted Frazier absent the defective instruction given. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Next, Frazier contends that the trial court erred in failing to instruct the jury on his theory of defense as it related to the element of causation of the crime. Specifically, the court declined to instruct the jury that the victim's failure to wear a seatbelt was a defense to the charge. We find no merit to this contention and affirm.
Appellant's contention that his sentence must be reversed because reasons were not given for departure is also without merit. The sentence imposed by the trial court did not exceed the sentencing guidelines. In 1980 appellant pled guilty to sexual battery and was sentenced to "Ten (10) years, with credit for 105 days jail time, to serve five (5) years, balance of sentence suspended, placed on 5 years' probation." The judgment and sentence expressly provided that if appellant violated the conditions of his probation, the "court may revoke your probation and require you to serve the balance of said sentence." After serving 5 years, appellant was released from custody and placed on probation. On September 11, 1987, appellant was found to be in violation of his probation and the court recommitted appellant to confinement to serve the remainder of the sentence of 10 years' imprisonment originally imposed.
The 1980 sentence imposed on appellant was a true split sentence. Poore v. State, 503 So.2d 1282, 1284 (Fla. 5th DCA 1987) (review pending in supreme court, No. 70,397) (receded from in part in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (review pending in supreme court, No. 72,488)). In Poore, Judge Cowart explained the nature and function of a split sentence:
If after the defendant has served the initial specified portion of his sentence of confinement and has been released on probation or community control and violates a condition of such probation or community control, the trial court merely finds and adjudicates the fact that the probation or community control has been violated and recommits the defendant to confinement to serve the remainder of the sentence originally imposed. The trial judge does not resentence the defendant or impose a new, or second, or different, sentence at all. When the defendant violates a condition of probation or community control which is part of a split sentence, that violation is not the basis for an original sentencing, as it is when a defendant is originally placed on probation or community control in lieu of confinement. The subsequent violation of probation or community control in a split sentence serves only to eliminate the condition under which defendant was released from confinement under the original sentence and the defendant is not resentenced but is recommitted to the Department of Corrections for service of the remainder of that original sentence.
503 So.2d at 1285. Judge Cowart continued, stating that the "defendant had no right to elect to be sentenced or resentenced *990 under the guidelines because he had no right to be sentenced a second time at all." Id.
In the case at bar, appellant had no right to be resentenced under the guidelines because he had no right to be sentenced a second time at all. The 10-year sentence was set in 1980 and was merely being reimposed as a result of appellant's violation of probation. The recommended guidelines sentence of 17-22 years simply did not include this offense. Rather, the 17-22 year sentence was the presumptive guidelines sentence for the DUI manslaughter case. However, because the statutory maximum for this second degree felony was 15 years, the trial court could give only the 15-year imprisonment it did. § 775.082, Fla. Stat. (1985). This sentence did not constitute a downward departure from the guidelines. Fla.R.Crim.P. 3.701(d)(10).
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] In its charge to the jury the trial court instructed:

And before you can find the defendant guilty of driving under the influence of alcoholic beverages to the extent that his normal faculties were impaired, the State must prove the following three elements; that the Defendant Johnny Frazier drove a vehicle in Florida; two, that he was under the influence of alcoholic beverages, and three, he was under the influence to the extent that his normal faculties were impaired.
If you find from the evidence that the defendant had a .05 percent or less by weight of alcohol in his blood, he is presumed not to be under the influence of alcoholic beverages to the extent that his normal faculties were impaired. You may disregard this presumption if it has been rebutted by other evidence. If you find from the evidence that the defendant had in excess of .05 percent but less than.10 percent by weight of alcohol in his blood, there is no presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Such factors may be considered with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
If you find from the evidence that the defendant had a .10 percent or more by weight of alcohol in his blood it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
(R. 520-22) (emphasis supplied). This instruction tracks the language contained in § 316.1934(2).