## HODDE v STATE OF FLORIDA

### Case No. 87-392CF (County Court Case No. 87-3393MT)

Nineteenth Judicial Circuit, Martin County

February 9, 1989

### APPEARANCES OF COUNSEL

Nita G. Denton, for appellant.

Robert G. Udell, for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a conviction in the Martin County Court of the crime of driving under the influence of alcohol.

Appellant and State have both waived oral argument and submit this appeal on the briefs.

70

Appellant raises three points challenging: 1) the trial judge's instruction to the jury; 2) admission of certain opinions of a Deputy Sheriff; and 3) the trial judge's denial of appellant's motion to suppress evidence of a blood-alcohol test.

The facts relevant to the issues on appeal are: Appellant was questioned by a Florida Highway Patrol Trooper following a traffic accident which appellant caused by running a stop sign and in which he was slightly injured. After initial questioning the Trooper informed appellant that he was beginning a criminal investigation and read appellant the Miranda warning. After a field sobriety test, appellant was arrested for driving under the influence of alcohol.

En route to the Sheriff's office, appellant complained of injuries and was taken to the hospital. A physician there treated a forehead abrasion and testified at trial that appellant was awake, alert and oriented at that time, which was about an hour after the accident. At the Sheriff's office, almost three hours after the accident, a deputy administered breath tests for blood alcohol. Two tests were given five minutes apart. The first showed a reading of .12 and the second showed .14.

At trial, prior to instructing the jury, the trial judge reviewed the proposed jury instructions off the record. Counsel for both parties agreed on the proposed instructions without objection. When actually instructing the jury, the judge became aware — and plainly stated on the record — that the instruction on presumptions related to breathalyzer readings had not been included in the pre-instruction review, nor agreed to by counsel. The judge then proceeded to read the standard instruction, saying: "[I]f you want to object . . . I'll give you all the time in the world afterwards to object . . . ."

Appellant specifically cites as objectionable that part of the jury instruction in which the judge instructed, "If the defendant had .10% or more by weight of alcohol in his blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired." Counsel for appellant further avers that he was not able to prepare his closing argument to respond to the actual jury instructions as read.

When the judge completed the instructions, counsel for appellant objected to the instruction on the statutory presumptions. The objection was overruled. The record does not show whether appellant asked for or was offered time for additional argument after the challenged instruction was read to the jury.

In appealing the jury instructions, appellant relies on *Rolle v State,*

71

528 So.2d 1208 (Fla. App. 4 Dist. 1988) which examined the constitutional effect of the same statutory instruction at issue here. The *Rolle* court found [the] statute, Section 316.1934(2)(c), Florida Statutes, to be unconstitutional because such statutory language "commands the jury to find the basic fact proven unless the defendant produces evidence to rebut the finding." Because there was other direct evidence of Rolle's impairment, the court considered the possibility of harmless error. Applying *Chapman v State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) the court reversed the conviction, holding, "we cannot say beyond a reasonable doubt that the jury would have convicted Rolle absent the defective instruction given."

The same rationale applies in the instant case and dictates that appellant is entitled to a new trial.

Appellant's other two points on appeal are not reached because of the constitutional defect in the jury instructions.

For the above reasons, the conviction is REVERSED and this cause is REMANDED to the Martin County Court for a new trial.

DONE AND ORDERED this 9th day of February, 1989 in chambers.