542 So.2d 419 (1989)
Kenneth YOST, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0415.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
Rehearing Denied May 25, 1989.
*420 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Coburn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and departure sentence of five years' imprisonment for the offense of felony DWI, in violation of section 316.1931, Florida Statutes (1985).
Appellant has presented six points on appeal. The first point, based upon the constitutionality of the DWI statute, requires reversal. However, we will mention several of the other points that require reversal in the event the Supreme Court of Florida ultimately upholds the constitutionality of the DWI statute, section 316.1934(2)(c), Florida Statutes (1985).
It appears that appellant was driving a motor vehicle at a high rate of speed when it entered an intersection through a red light and struck another vehicle causing physical injuries to a passenger in said vehicle. There was evidence that appellant smelled of alcohol; that his speech was slurred and his gait unsteady; and that an analysis of a sample of his blood showed the presence of .24 grams of alcohol per milliliter of blood. However, there was other evidence that appellant appeared coherent and the officer at the scene did not believe there was probable cause to arrest appellant for DWI.
When the officer arrived at the scene and began conducting his investigation, he was directed to appellant by a witness and, as he approached appellant, the latter advised him that he drank six to seven beers that evening, but that he was neither impaired nor at fault.
At trial, over appellant's objection, the trial court instructed the jury on the presumption of intoxication set forth in section 316.1934(2)(c), Florida Statutes (1985). This court previously held in Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988), that such instruction creates an unconstitutional mandatory rebuttable presumption of impairment in that it offends the requirement of due process by relieving the state of its burden to prove this essential element beyond a reasonable doubt. Thus, we must reverse the judgment of conviction on authority of Rolle.
Next, we consider it to be reversible error for the trial court to allow, over objection, the testimony of the investigating officer that appellant advised him at the scene that he had consumed six or seven beers but was not impaired nor at fault. Such testimony violates section 316.066(4), Florida Statutes, making such statement privileged. Brackin v. Boles, 452 So.2d 540 (Fla. 1984).
Further, in an effort to preclude finding him an habitual traffic offender, appellant proffered the testimony of a supervisor of the Department of Highway Safety and Motor Vehicles to prove that, on the date of the accident, the Department did not consider appellant an habitual offender. The court considered such evidence irrelevant and denied the proffer. However, since section 316.1931 enhances the penalty for a violation of said statute if the person is an habitual traffic offender as defined in section 322.264, Florida Statutes (1985), that status appears to be very relevant. Also, since the determination thereunder of habitual offender status depends upon an accounting of points for infractions, etc., it has been held that administrative construction of the statute is entitled to great weight, though not conclusive. State Dept. of Highway Safety v. Meck, 468 So.2d 993 (Fla. 5th DCA 1984).
In view of the foregoing, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
DELL, J., and MARTIN, KAREN L., Associate Judge, concur.