PER CURIAM.
Ruth Busch seeks review of her conviction for DWI-Manslaughter. She argues the trial court erred by instructing the jury to apply a mandatory rebuttable presumption on the issue of intoxication. We agree, but find the error was harmless in light of the overwhelming evidence of appellant’s intoxication. We find no reversi *246 ble error among the other issues raised on appeal.
The evidence at trial established appellant was the driver of one of two cars involved in an automobile accident in August 1985, that resulted in the death of the driver of the other car. Appellant sustained injuries and was taken to the hospital. At the hospital she consented to the blood alcohol test, waived her Miranda rights, and admitted she had been drinking the night before, awoke with a hangover and had a large, 16-ounce glass of orange juice and vodka one to two hours prior to the accident. The readings of her blood samples showed an average of .143 grams percent ethanol which according to expert testimony indicated a .20 percent alcohol level in her blood at the time of the accident.
At the conclusion of evidence, over objection, the trial court gave the following jury instruction, which tracks the language of section 316.1934(2)(c), Florida Statutes (1985):
If you find from the evidence that at the time of the accident that the Defendant, Ruth Busch, had .10 percent or more by weight of alcohol in her blood, it is prima facie evidence that the Defendant was under the influence of alcoholic beverages to the extent that her normal faculties were impaired.
We are aware of our decision in Yost v. State, 542 So.2d 419 (Fla. 4th DCA 1989). However, we find the statute per se is not unconstitutional and falls within the prerogative of the legislature. We do agree, however, that the statute may lead to the use of a jury instruction that is unconstitutional because it shifts the burden to the defendant to prove his innocence. Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988); Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988).
We agree with the reasoning of our sister court in Wilhelm v. State, 544 So.2d 1144, 1145-1146 (Fla. 2d DCA 1989).
Constitutional error does not in every circumstance mandate reversal of a conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See also State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). An error in a jury instruction that creates a mandatory rebuttable presumption may be harmless where the evidence of the presumed element is overwhelming. Davis v. Kemp, 752 F.2d 1515 n. 7 (11th Cir.1985); Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985).
Applying the harmless error test, we conclude that it is not necessary to reverse appellant’s conviction. Evidence of the presumed element of impairment due to the influence of alcohol is overwhelming, and we can say beyond a reasonable doubt that the jury would have convicted appellant absent the defective instruction given.
We believe the disputed instruction could be so worded as to pass constitutional muster. It is imperative that the court emphasize that the presumption is purely permissive, rather than mandatory, and the jury is free to weigh the evidence and either accept or reject the inference.
HERSEY, C.J., and POLEN and GARRETT, JJ., concur.