FRANK, Acting Chief Judge.
The state has appealed from an order in which the trial court dismissed a charge of embezzlement against Falcon on the ground that the statute he allegedly violated was unconstitutional. Falcon, a contractor, was charged with embezzlement pursuant to section 713.34(3), Florida Statutes (1985), which provided as follows:
(3) Any person, firm, corporation or agent, officer or employee thereof who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement and shall be prosecuted and, upon conviction, punished in accordance with the provisions of the laws of this state; provided, however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima *763 facie evidence of intent to defraud (emphasis added).
The bothersome element of the statute is the proviso that a contractor’s failure to pay for labor, services, or materials after receipt of funds for those specific services or materials constitutes prima facie evidence of intent to defraud. Noting in State v. Ferrari, 398 So.2d 804, 807 (Fla.1981), that “[i]t is well settled that only permissive presumptions may be utilized in criminal cases,” the supreme court explicitly held the statute constitutional on the following basis:
The presumption in section 713.34(3) clearly affords a reasonable opportunity for rebuttal. Since the presumption is one of prima facie evidence only, the state is not totally relieved of the burden of proof. Any time after this prima facie evidence of intent is established the defendant may come forward with evidence to negate criminal intent, thereby destroying the presumption and shifting the burden back to the state to prove intent beyond a reasonable doubt. See, e.g., Mann v. State, 209 So.2d 472 (Fla. 1st DCA 1968).
The trial judge had before her Ferrari and Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985), cert. denied, 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986). In Norvell the Eleventh Circuit held that jury instructions based upon a verbatim reading of section 713.34(3) were unconstitutional and further held the statute itself unconstitutional. Aware that its decision directly conflicted with our supreme court’s decision in Ferrari, the Eleventh Circuit explained, as a matter of federal constitutional law, that it was free to disregard the state precedent:
Normally, a state supreme court is the ultimate expositor of state law. However, when a court determines whether a statute creates a mandatory rebuttable presumption or a permissive inference, the court is directly deciding the question of whether that statute comports with federal constitutional requirements. The determination of the type of presumption a state statute creates is thus a federal question subject to review by federal courts. We note that to hold otherwise would create the anomalous situation where a statute is held to be constitutional, although jury instructions that are merely a verbatim rendition of the statute are held to be unconstitutional, (citations omitted).
775 F.2d at 1576.
To arrive at the conclusion in Norvell that section 713.34(3) creates an unconstitutional mandatory rebuttable presumption, the Eleventh Circuit relied upon Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), a post-Ferrari decision dealing with the constitutionality of jury instructions involving the element of intent in a criminal prosecution. The Georgia Supreme Court in Franklin had held that the potentially offensive instructions passed constitutional muster but the United States Supreme Court rejected the Georgia decision as automatically legitimatizing the jury charge:
The question, however, is not what the State Supreme Court declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning. The federal constitutional question is whether a reasonable juror could have understood the two sentences as a mandatory presumption that shifted to the defendant the burden of persuasion on the element of intent once the State had proved the predicate acts, (citations omitted).
471 U.S. at 315-16, 105 S.Ct. at 1971-72.
An irrebuttable presumption deprives a defendant of his fourteenth amendment due process guarantees by relieving the state of its burden to persuade a jury beyond a reasonable doubt that the defendant committed every essential element of the crime charged. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). As is explained in Franklin, a rebuttable presumption, if mandatory, is “no less constitutionally infirm,” 471 U.S. at 317, 105 S.Ct. at 1972, than an irrebutta-ble presumption:
A mandatory rebuttable presumption ... relieves the State of the affirmative bur *764 den of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding.
471 U.S. at 317, 105 S.Ct. at 1972.
It is difficult to read the challenged language in section 713.34(3), Florida Statutes (1985), without concluding that the presumption it creates is anything other than mandatory, i.e., “failure to pay ... shall constitute prima facie evidence of intent to defraud.” Even if, as the Ferrari court insisted, the presumption is rebuttable, under Franklin the constitutional infirmity would not be cured. Both the First and Fourth District Courts of Appeal, reviewing the law of rebuttable presumptions in the light of the DUI manslaughter statute, § 316.1934(2)(c), have questioned the continued vitality of Ferrari after Franklin and Norvell. Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988); Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988). We conclude, therefore, that although a trial court must follow precedent established by our state supreme court “even though it might believe the law should be otherwise,” State v. Dwyer, 332 So.2d 333, 335 (Fla.1976), the intervening United States Supreme Court decision in Franklin relieved the trial court of that duty in this instance.
Although the trial court dismissed the case against Falcon based upon the unconstitutionality of the statute, we do not share the view that the entire statute is unconstitutional. We find nothing unconstitutional in charging Falcon or any defendant with embezzlement if he has used the proceeds of payments for purposes other than to pay for the specific materials or improvements for which the money was received. As far as we can discern, Falcon was properly charged with a crime, and the charge against him should not have been dismissed. We find that only the following portion of section 713.34(3), Florida Statutes (1985), places an unconstitutional evi-dentiary burden upon the defendant:
... provided, however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.
Finally, we note, without passing upon its validity, that the proviso portion of the statute in question has been amended in an attempt to create a permissive inference. Section 713.34(2), Florida Statutes (1987), provides as follows in pertinent part:
... provided, however, that a person’s intent to defraud may be presumed upon his failure to pay for such labor, services, or materials furnished for this specific improvement after receipt of such loan (emphasis added).
Affirmed in part, reversed in part, and remanded.
HALL, J., concurs.
PARKER, J., concurs in part, dissents in part with an opinion.