PARKER, Judge,
concurring in part, dissenting in part.
I concur with the majority that Falcon can be properly charged with this crime. I, however, dissent from the majority opinion where it declares section 713.34(3), Florida Statutes (1985) unconstitutional. I believe the majority’s decision reaches the correct result. A defendant in a criminal prosecution should never carry any burden of proof regarding an element of the offense. That premise is, so engraved in our federal and state constitutions that the trial court charges each jury with that concept.
However, our supreme court, in State v. Ferrari, 398 So.2d 804 (Fla.1981), has held specifically the statute in question to be constitutional. I recognize that Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985), cert. denied, 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986) holds that the statute is unconstitutional* However, the United States Supreme Court has not ruled upon *765 the specific statute, and the only federal decisions binding upon the courts of our state are those of the United States Supreme Court. Board of County Comm’rs of Lee County v. Dexterhouse, 348 So.2d 916 (Fla. 2d DCA 1977), aff'd, 364 So.2d 449 (Fla.1978). Contrary to the majority's holding, I do not believe that Franklin requires lower courts in Florida to declare this statute to be unconstitutional, although that would be the result I would reach if not faced with Ferrari.
I believe the result reached by the majority is sound and is based upon solid constitutional principles. However, I believe that before I can agree with the majority, our own supreme court must revisit Ferrari and recede from that decision or the United States Supreme Court must pass upon the constitutionality of the statute. Until that time, I am compelled to stand by Ferrari. This is especially true where the supreme court has specifically reviewed section 713.-34(3), the subsection which the majority finds unconstitutional, and has-held that it passes constitutional scrutiny. The Ferrari court stated:
Appellees argue that section 713.34(3) is overbroad since it is impossible for an honest contractor to operate without violating the statute because the cash flow realities of the construction business frequently mandate that a contractor engaged in numerous projects use funds advanced for one job to pay subcontractors or suppliers on another. They assert that it is common practice for a contractor to use incoming funds to discharge his most pressing obligations and replace them later with the proceeds of other jobs. Whether this practice violates section 713.34(3) depends on the intent of the contractor. Considering the elements of embezzlement discussed above, it is apparent that a contractor may inadvertently misdirect funds without an intent to defraud. In that situation, the statutory presumption of intent to defraud may be rebutted by evidence showing that, even though the contractor misdirected funds while a bill for labor, materials, or services incurred in improving the property is due (or may become due) but remains unpaid, the misdirection was without intent to defraud. It is then for the jury to determine whether the contractor has successfully rebutted the State’s prima facie case.. We reject ap-pellees’ contention that it is not possible for an honest contractor to operate without violating section 713.34(3), and we hold that this statute is not overbroad.
In summary, we hold that section 713.-34(3), Florida Statutes, is not unconstitutionally overbroad or vague. The presumption of prima facie evidence of intent within the statute is also constitutional.
Ferrari, 398 So.2d at 808.
The majority opinion notes that the statute has now been modified. Even though that is so, I would certify the question to the supreme court, requesting that they revisit Ferrari in the light of Norvell and the concepts addressed in Franklin.

 I have no way of knowing the reason for the United States Supreme Court’s denial of certio-rari in Norvell. I do note that three dissenting justices, who would have granted certiorari, believed that the eleventh circuit's decision conflicted with an existing United States Supreme Court case.