SMITH, Judge.
Appellant seeks reversal of his conviction for possession of cocaine, arguing that the instructions given to the jury were violative of due process as creating a mandatory presumption. We disagree and affirm.
Police were summoned to appellant’s residence following an argument between appellant and his girlfriend. The girlfriend claimed to have been attacked by appellant. Police observed abrasions on her face, whereupon appellant was told he was being charged with battery, and he was arrested. At the time of arrest, appellant was only partially dressed, but before being escorted to the police car, he put on a pair of pants which had been lying next to his bed. When appellant and the arresting officer reached the squad car, appellant was searched. The arresting officer testified that he found a matchbox in appellant’s pants pocket which contained several pieces of crack cocaine. Appellant was later charged with possession of cocaine.
Appellant testified that his girlfriend had found the matchbox earlier that day. He was uncertain how the matchbox came to be- in his pocket, though he conceded he may have put it there. He further stated *773 that he and his girlfriend had assumed the matchbox contained matches, and he also testified that he pulled the matchbox out of his pocket in the presence of police when he attempted to light a cigarette. According to appellant, the police grabbed the matchbox from him and discovered the presence of the crack cocaine.
The appellant’s testimony not only conflicts with the arresting officer’s version of events; it also conflicts with the testimony given by the girlfriend. According to her, she was told by the appellant following his arrest to tell the police she had found the matchbox. She claimed she actually did not know anything about the matchbox before it was discovered by police. She also testified that she told the police she found the matchbox, as instructed by appellant, because she was afraid of him. On cross-examination, the girlfriend admitted to lying under oath when she previously told counsel for the prosecution and the defense that she had found the matchbox as claimed by appellant.
Following the close of the defendant’s ease, the trial court instructed the jury using the standard jury instruction for possession of a controlled substance, which includes the language:
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
The jury was also given the standard instruction regarding the state’s burden of proof and the defendant’s presumption of innocence.
Appellant objected to the instruction regarding exclusive possession, arguing that it was a mandatory presumption which allowed proof of an element without a showing of proof beyond a reasonable doubt. Alternatively, appellant argued that the instruction shifted the burden to him to prove that he did not know of the presence of the controlled substance in his pocket. The trial court overruled the objection. Appellant was acquitted of the battery charge but was convicted of the possession charge.
As is well understood, there are essentially two kinds of presumptions: mandatory presumptions, and inferences, also known as permissive presumptions. Mandatory presumptions may be either conclusive or rebuttable. A mandatory presumption compels the fact-finder to find the presumed fact regardless of other evidence if there is proof of a basic fact. A mandatory presumption, therefore, violates. due process, since it relieves the prosecution of its burden of proving guilt beyond a reasonable doubt as required by In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Such an instruction also forecloses independent jury consideration of whether the facts proved establish the elements of the offense charged. Carella v. California, 491 U.S. -, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989). However, an inference is constitutional, because it “leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof,” so that “it affects the application of. .the ‘beyond a reasonable doubt’ standard only if, under the.facts of the case, there is no rational way the trier could make the connection permitted by the inference.” County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979) (citations omitted).
As explained in Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984), the first step is to determine whether the presumption is mandatory. The appellant now concedes that the challenged instruction in this case is a permissive, rather, than a mandatory presumption. Appellant nevertheless correctly argues, however, that if there is a danger that a juror could have reasonably viewed the instruction in an unconstitutional manner, the instruction violates due process. Francis v. Franklin, supra.
In Francis, the jury was instructed: “[The] acts of a person of sound mind and discretion are presumed to be the product of a person’s will,” and a person “is presumed to intend the natural and probable consequences of his acts.... ” 105 S.Ct. at 1972. The Supreme Court observed that *774 the jurors “were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it.” Id., quoting Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979) (emphasis added).[1]
In Ulster County, by contrast, the jury instructions were found to be acceptable. The Ulster County jury was instructed, in part, that:
[ujpon proof of the presence of the machine gun and hand weapons, you may infer and draw a conclusion that such prohibited weapon was possessed by each of the defendants who occupied the automobile at the time when such instruments were found. The presumption or presumptions is effective only so long as there is no substantial evidence contradicting the conclusion following from the presumption, and the presumption is said to disappear when such contradictory evidence is adduced.
99 S.Ct. at 2227, n. 20 (emphasis added). While obviously the challenged instruction in the case before us is not as lengthy as the one found acceptable in Ulster County, the two share in common the use of the verb “may” (may infer or draw a conclusion — may infer or assume) as a preface to the remainder of the instruction informing the jury of permissible conclusions that could be drawn from the predicate facts.
The instruction in this case is distinguishable from that given in Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988), which was found to be unconstitutional. In Rolle, the jury was instructed on the presumption of intoxication set forth in section 316.1934(2)(c), F.S. (1985), as follows:
If you find from the evidence that the Defendant had a blood alcohol level of .10 percent or more, that evidence would be sufficient by itself to establish that the Defendant was under the influence of alcohol to the extent that his normal faculties were impaired.
However, such evidence may be contradicted or rebutted by other evidence.
Id. at 1209. The court held that a reasonable juror could have concluded from such an instruction that given a blood alcohol reading of .10 percent, no further proof by the state need have been made, nor was further determination by the jury required. As such, the instruction was constitutionally deficient, and the provision allowing the defendant to rebut the presumption could not correct the error, for that provision may have indicated to a juror that the defendant bore an affirmative burden of persuasion. See also, Yost v. State, 542 So.2d 419 (Fla. 4th DCA 1989), and Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988).
The instruction at issue in the case before us is further distinguishable from the instruction given in Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985), cert. denied, 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986), cited to us by appellant. In that case, the court found that section 713.34(3), F.S. (1979) created a mandatory rebuttable presumption contrary to Francis v. Franklin, supra. In Miller, a case involving á building contractor charged with misapplication of funds contrary to section 713.34(3), the jury was instructed that:
[pjroof that the defendant failed to pay for such labor, services or materials for any specific improvements shall constitute prima facie evidence of intent to defraud. Prima facie evidence means evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose.
Id. at 1574. On appeal of the conviction, the Miller court held that the language “shall constitute prima facie evidence of intent to defraud” commanded the jury to find intent to defraud unless the defendant rebutted such a finding. Id. As such instruction relieved the state of its affirmative burden of persuasion on the presumed element, it was unconstitutional under Sandstrom v. Montana, supra.
It is most unlikely that the jury in the instant case construed the instruction— knowledge of an object’s presence may be *775 inferred or assumed from exclusive possession of the object — as shifting to appellant the burden of persuasion. The jury was free to accept or reject the inference regardless of any defense which may have been put forth, and there was no suggestion made to the jury that their factual determinations should hinge upon the presentation of evidence by the defense.
Accordingly, the judgment of conviction is AFFIRMED.
THOMPSON and MINER, JJ., concur.

. Likewise, in Sandstrom v. Montana, the jury was instructed that the law "presumes a person intends the ordinary consequences of his voluntary acts.” (emphasis added) The Supreme Court held that jury might have viewed the instruction as shifting the burden of persuasion.